# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
04/20/2023 at 03:18:19 PM
By: Lynn Wiley,
Deputy Clerk

1  Jerome Anthony Clay, Jr., Esq. (SBN: 327175)
2  LAW OFFICES OF JEROME A. CLAY
3  5250 Claremont Avenue, Suite 221
4  Stockton, California 95207
5  Phone: (209) 603-9852
6  Fax: (510) 280-2841
7  jclay7@claylaw.net

8  Attorney for Plaintiff
9  JAZMYN FINISTER

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11                      **COUNTY OF ALAMEDA**

12  **JAZMYN FINISTER,** an individual,        )   CASE NO.: 23CV031709
13                                             )
14                  *Plaintiff,*               )   **PLAINTIFF'S COMPLAINT FOR:**
15                                             )
16                  vs.                        )   1.  Disability Discrimination in Violation of
17                                             )       FEHA in Violation of FEHA § 12940(a);
18                                             )   2.  Failure to Accommodate Disability in
19  **CALIFORNIA CHECK CASHING STORES,**       )       Violation of FEHA § 12940(m);
20  **LLC,** a Delaware limited liability company; and )   3.  Failure to Engage in an Interactive Process
21  **DOES 1** through **50,** inclusive,      )       in Violation of FEHA §12940(n);
22                                             )   4.  Harassment Based on Hostile Work
23                  *Defendants.*              )       Environment in Violation of
24                                             )       FEHA § 12940. *et seq.;*
25                                             )   5.  Wrongful Termination in Violation of
26                                             )       Public Policy;
27                                             )   6.  Failure to Take All Reasonable and
28                                             )       Necessary Steps to Prevent and Correct
29                                             )       Discrimination and Harassment
30                                             )       in Violation of FEHA; and
31                                             )   7.  Intentional Infliction of Emotional Distress.
32                                             )
33                                             )
34                                             )   [Demand for Jury Trial]
35                                             )
36  _____)

Plaintiff, JAZMYN FINISTER (hereinafter referred to as "Plaintiff" or "FINISTER"), brings this action against Defendants, CALIFORNIA CHECK CASHING STORES, LLC, a Delaware limited liability company (hereinafter referred to as "CCC STORES"), and DOES 1 through 50, inclusive (hereinafter collectively referred to as "Defendants"), and in support thereof, would respectfully show unto the Honorable Court as follows:

## INTRODUCTION

1.     This lawsuit stems from the Defendants' unlawful practices, harassment based on a hostile work environment, and disability discrimination against Plaintiff in regard to terms, conditions, and privileges of employment. Plaintiff brings this action under the California Fair Employment and Housing Act (hereinafter referred to as "FEHA"), California Government Code § 12940 *et seq.*, to correct the Defendants' unlawful practices against her and to get appropriate relief as she has been adversely affected by Defendants' such practices.

## PARTIES

2.     Plaintiff FINISTER, at all times relevant hereto, an individual, resident of California, and an employee of Defendants CCC STORES and DOES 1 to 50, in Alameda County, California, within the meaning of Government Code § 12940 *et seq.*

3.     Defendant, CCC STORES, at all times relevant hereto, a Delaware limited liability company, with the capacity to sue and to be sued, authorized to do business in Alameda County, California. At all times relevant hereto, Defendant CCC STORES is and was an employer within the meaning of Government Code § 12940(j)(4)(A). Government Code § 12940 *et seq.*, obligates employers to provide a work environment free from discrimination and harassment, and take all reasonable steps necessary to prevent discrimination and harassment, from occurring.

4.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES

LAW OFFICES OF JEROME A. CLAY

1    1 through 50, inclusive, and therefore sue these Defendants by such fictitious names under Code of Civil

2    Procedure § 474. Plaintiff will seek the Court's leave to amend this Complaint to allege the true names

3    and capacities of Defendants sued herein as DOES 1 through 50 when ascertained. Plaintiff is informed

4    and believes, and thereon alleges, that the Defendants DOES 1 through 50, inclusive, are responsible in

5    some manner for one or more of the events and happenings that proximately caused the injuries and

6    damages alleged herein.

7          5.      The officers, employees, and/or agents of the Defendants and each of them acting on

8    behalf of the Defendants acted within the course and scope of their employment. They participated and

9    were authorized by CCC STORES in the conduct alleged herein on behalf of the Defendants.

10    Consequently, all Defendants are jointly and severally liable to Plaintiff for the loss sustained as a

11    proximate result of the conduct of the Defendants' officers, employees, and/or agents.

12          6.      Plaintiff is informed and believes and thereon alleges that each Defendant, directly or

13    indirectly employed Plaintiff and exercised control over wages, hours, and working conditions. Plaintiff

14    is informed and believes, and thereon alleges that each Defendant acted in all respects pertinent to this

15    action as an agent of the other Defendants. Each Defendant carried out a joint scheme, business plan, or

16    policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other

17    Defendants.

18                                      **JURISDICTION AND VENUE**

19          7.      This Court has jurisdiction over this action pursuant to the Code of Civil Procedure §§

20    32.5, 410.10, and Government Code § 12965, subdivision (c)(3). The jurisdiction of this Court is also

21    invoked pursuant to Government Code § 12900 *et seq*.

22          8.      The venue is proper pursuant to Code of Civil Procedure § 395(a) because Plaintiff was

23    employed by Defendant CCC STORES in Alameda County, State of California. The venue is also proper

LAW
OFFICES OF
JEROME A.
CLAY

1  because the Defendants allegedly committed FEHA violations in Alameda County.

2  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

3  9.  Prior to the initiation of this lawsuit, Plaintiff exhausted her administrative remedies by

4  filing an administrative complaint with the California Civil Rights Department ("CRD") pursuant to §

5  12900 *et seq.* of the California Government Code.  The CRD issued the Right to Sue Letter to Plaintiff

6  on January 30, 2023.  A true and correct copy of the Right to Sue Letter is attached hereto as **Exhibit**

7  **"A"** and fully incorporated herein by reference.

8  10.  This action is filed within one year of the date of the Right-to-Sue Letter.  Consequently,

9  Plaintiff has fully exhausted her administrative remedies to file this Complaint.

10  **FACTS COMMON TO ALL CAUSES OF ACTION**

11  11.  In June 2022, Plaintiff started working at CCC STORES as a Customer Service

12  Representative.  Plaintiff's job responsibilities include handling cash and providing customer service.

13  Plaintiff worked for 9 (nine) or more hours a day and earned $18 per hour.

14  12.  During Plaintiff's employment, she faced discrimination and a hostile work environment.

15  She was told multiple times by her Area Manager, Lilly (last name unknown), that the team was supposed

16  to be replaced.

17  13.  On October 6, 2022, Plaintiff slipped and fell on the floor during work.  Plaintiff was

18  injured badly and had a lot of back pain.  Plaintiff had to crawl to the backroom to call management due

19  to the extreme pain she was suffering.

20  14.  Plaintiff called Lilly (last name unknown) for assistance and requested to leave work early

21  due to feeling unwell and experiencing severe pain.  However, Lilly denied Plaintiff's request and insisted

22  that she had to stay until another worker arrived, showing no concern for Plaintiff's health and well-being.

23  15.  Another worker was supposed to arrive in one and a half hours, but Plaintiff's back pain

LAW
OFFICES OF
JEROME A.
CLAY

1   was worsening, making her job even more difficult.

2       16.     Plaintiff continued to work with unbearable pain and waited until another worker arrived.

3       17.     Thereafter, Plaintiff called the former District Manager, Bill Yaeger, who advised her to

4   the the emergency room (ER) immediately.  Plaintiff went to Alta Bates ER, where she was advised to

5   rest at home until October 10, 2022.  Plaintiff was also advised to avoid any activities that involved

6   bending or lifting heavy objects.

7       18.     On October 10, 2022, when the Plaintiff's pain did not get better, she went to her primary

8   care provider, West Oakland Health Clinic, where she was advised not to resume her normal routine until

9   October 22, 2022.

10      19.     When Plaintiff returned to her normal routine, the store manager, Rabecca Jenkins, told

11  her that Lilly was finding a reason to terminate the Plaintiff when she was on medical leave.

12      20.     In Plaintiff's absence, Lilly also told her team that Plaintiff would not be returning to work

13  for whatever reason.

14      21.     On November 18, 2022, Plaintiff was terminated from her employment.  Plaintiff

15  repeatedly requested her termination letter from CCC STORES, but it was never provided.  Also, the

16  wages for the days of medical leave from October 6, 2022, to October 22, 2022, were not paid to Plaintiff.

17      22.     Plaintiff was also harassed by her managers at CCC STORES as they made derogatory

18  remarks that Plaintiff had dyslexia.

19      23.     For instance, Bill Yaeger called the Plaintiff and another former employee dyslexic when

20  they had accidentally switched a few numbers.  However, Plaintiff did not have dyslexia.

21      24.     As a direct and proximate result of the Defendants' extreme and outrageous conduct,

22  Plaintiff suffered and continues to suffer physical and mental pain, including distress, anxiety, anguish,

23  humiliation, embarrassment, emotional distress, and indignity.

LAW
OFFICES OF
JEROME A.
CLAY

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION
**(Disability Discrimination in Violation of Gov. Code § 12940(a))**
**(Against All Defendants)**

25.    Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–24 with the same force and effect as though fully set forth herein.

26.    At all times relevant hereto, the FEHA (Gov. Code § 12900 *et seq.*) and its implementing regulations were in full force and effect and binding on Defendants.

27.    FEHA prohibits an employer from discriminating against an employee because of the employee's physical disability. (Gov. Code § 12940(a).)

28.    At all times relevant herein, CCC STORES was an employer who employed five (5) or more employees.

29.    Plaintiff had a physical disability pursuant to Government Code sections 12926, subdivision (m), and 12926.1 *et seq*. On October 6, 2022, Plaintiff slipped and fell and suffered injuries to her back. Plaintiff had to crawl to the backroom to call management due to the extreme pain she was suffering. Plaintiff's disability affected Plaintiff's ability to perform major life activities.

30.    Plaintiff was a member of the protected class because of her disability.

31.    Plaintiff called Lilly (last name unknown) for assistance and requested to leave work early due to feeling unwell and experiencing severe pain. However, Lilly denied Plaintiff's request and insisted that she had to stay until another worker arrived, showing no concern for Plaintiff's health and well-being.

32.    Another worker was supposed to arrive in one and a half hours, but Plaintiff's back pain was worsening, making her job even more difficult. Plaintiff continued to work with unbearable pain and waited until another worker arrived. After that, Plaintiff was on medical leave from October 6, 2022, to October 22, 2022.

LAW
OFFICES OF
JEROME A.
CLAY

33.     At all times relevant hereto, Defendants had notice of Plaintiff's disability and/or need for accommodation as Plaintiff requested reasonable accommodation from Defendants.

34.     Plaintiff is informed and believes, and thereon alleges that she was subjected to an adverse employment action due to her disability or perceived disability, resulting in her termination from employment after she returned to work with work-related restrictions.

35.     As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff suffered and continues to suffer economic damages, including but not limited to lost wages, benefits, salary increases, and income, both past and future, in an amount to be determined at trial.

36.     As a further direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer mental pain, including distress, anxiety, anguish, humiliation, embarrassment, emotional distress, and indignity, all to her damages in an amount to be determined at trial.

37.     The aforesaid discriminatory acts directed towards Plaintiff were carried out by managerial employees, officers, and directors and were committed, directed, and/or ratified by CCC STORES with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants, in order to deter such conduct in the future, and set an example for others.

38.     As a further proximate cause of Defendants' unlawful conduct, Plaintiff has been compelled to retain legal counsel and is entitled to reasonable attorney's fees and costs of suit, pursuant to Government Code section 12965, subdivision (b).

///

///

## SECOND CAUSE OF ACTION
### (Failure to Accommodate Disability in Violation of Gov. Code § 12940(m))
### (Against All Defendants)

39.     Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–24 with the same force and effect as though fully set forth herein.

40.     At all times relevant hereto, the FEHA (Gov. Code § 12900 *et seq.*) and its implementing regulations were in full force and effect and binding on Defendant.

41.     FEHA requires an employer to provide reasonable accommodation to an employee with a physical disability to perform the essential functions at the job. It is unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability. (Gov. Code § 12940(m).)

42.     On October 6, 2022, Plaintiff slipped and fell at work and suffered injuries to her back. Plaintiff had to crawl to the backroom to call management due to the extreme pain she was suffering.

43.     Plaintiff called Lilly (last name unknown) for assistance and requested to leave work early due to feeling unwell and experiencing severe pain. However, Lilly denied Plaintiff's request and insisted that she had to stay until another worker arrived, showing no concern for Plaintiff's health and well-being.

44.     Another worker was supposed to arrive in one and a half hours, but Plaintiff's back pain was worsening, making her job even more difficult. Plaintiff continued to work with unbearable pain and waited until another worker arrived.

45.     Plaintiff requested reasonable accommodation from Lilly because of her disability or perceived disability, but she ignored Plaintiff's request for accommodation and failed to provide it, causing Plaintiff to take off from work. Plaintiff went to Alta Bates ER, where she was advised to rest at home until October 10, 2022. Plaintiff was also advised to avoid any activities that involved bending or lifting heavy objects.

46.     On October 10, 2022, when the Plaintiff's pain would not get better, she went to her

primary care provider, West Oakland Health Clinic, where she was advised not to resume her normal routine until October 22, 2022.

47.    Defendants failed to accommodate Plaintiff's work-related restrictions after she returned to her normal routine.

48.    Plaintiff is informed and believes, and thereon alleges that on November 18, 2022, Defendants terminated her from her employment because of her disability or perceived disability.

49.    Defendants violated Government Code section 12940, subdivision (m) by failing to provide reasonable accommodations to Plaintiff.

50.    As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff suffered and continues to suffer economic damages, including but not limited to lost wages, benefits, salary increases, and income, both past and future, in an amount to be determined at trial.

51.    As a further direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer mental pain, including distress, anxiety, anguish, humiliation, embarrassment, emotional distress, and indignity, all to her damages in an amount to be determined at trial.

52.    The aforesaid acts directed towards Plaintiff were carried out by managerial employees, officers, and directors and were committed, directed, and/or ratified by CCC STORES with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code section 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants, in order to deter such conduct in the future, and set an example for others.

53.    As a further proximate cause of Defendants' unlawful conduct, Plaintiff has been compelled to retain legal counsel and is entitled to reasonable attorney's fees and costs of suit, pursuant

1    to Government Code section 12965, subdivision (b).

### THIRD CAUSE OF ACTION
#### (Failure to Engage in an Interactive Process in Violation of Gov. Code §12940(n))
#### (Against All Defendants)

54.    Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–24 with the same force and effect as though fully set forth herein.

55.    At all times relevant hereto, the FEHA (Gov. Code § 12900 *et seq.*) and its implementing regulations were in full force and effect and binding on Defendant.

56.    FEHA requires an employer to engage in a timely, good faith, and interactive process to accommodate a known disabled employee. It is unlawful for an employer to fail to engage in a timely, good faith, and interactive process to accommodate an employee with a disability. (Gov. Code § 12940(n).)

57.    Plaintiff informed CCC STORES about her disability, recommended work restrictions, and requested reasonable accommodation. Plaintiff could perform the essential functions of her position with a reasonable accommodation for her disability. Instead of accommodating her disability, Defendants terminated Plaintiff from her employment.

58.    Defendants failed to engage in a timely, good faith, and interactive process with Plaintiff to identify a reasonable accommodation in violation of Government Code section 12940, subdivision (n).

59.    As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has suffered and continues to suffer economic damages, including but not limited to lost wages, benefits, salary increases, and income, both past and future, in an amount to be determined at trial.

60.    As a further direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer mental pain, including distress, anxiety, anguish, humiliation, embarrassment, emotional distress, and indignity, all to her damages in an amount to be

1    determined at trial.

2        61.    The aforesaid acts directed towards Plaintiff were carried out by managerial employees,

3    officers, and directors and were committed, directed, and/or ratified by CCC STORES with a conscious

4    disregard for Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute

5    oppression, fraud or malice pursuant to California Civil Code section 3294, thereby entitling Plaintiff to

6    punitive damages in an amount appropriate to punish and set an example of said Defendants, in order to

7    deter such conduct in the future, and set an example for others.

8        62.    As a further proximate cause of Defendants' unlawful conduct, Plaintiff has been

9    compelled to retain legal counsel and is entitled to reasonable attorney's fees and costs of suit, pursuant

10   to Government Code section 12965, subdivision (b).

11                          **FOURTH CAUSE OF ACTION**
12   **(Harassment Based on Hostile Work Environment in Violation of Gov. Code § 12940 *et seq.*)**
13                          **(Against All Defendants)**

14       63.    Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–24 with the

15   same force and effect as though fully set forth herein.

16       64.    CCC STORES, as an employer, is subject to the laws of the State of California and the

17   Fair Employment and Housing Act for harassment.    At all times relevant hereto, it regularly employed

18   one or more persons in the State of California.

19       65.    Defendant's conduct, as alleged, violated FEHA, Government Code section 12900, *et*

20   *seq.*, and Defendants committed unlawful employment practices, including by the following basis for

21   liability:

22            a.   Harassing Plaintiff and/or creating a hostile work environment, in whole or in part based

23                 on Plaintiff's appearance and manner of speaking; and

24            b.   Failing to take all reasonable steps to prevent disability discrimination and harassment

based on a hostile work environment in violation of Government Code section 12940.

66.    Plaintiff was an employee of CCC STORES and worked as a Customer Service Representative. During Plaintiff's employment, Defendants harassed Plaintiff and created a hostile work environment for her.

67.    Plaintiff felt harassed when Lilly (last name unknown) repeatedly stated that the team was supposed to be replaced.

68.    Plaintiff was also harassed by her managers at CCC STORES as they made derogatory remarks that Plaintiff had dyslexia.

69.    Bill Yaeger called the Plaintiff and another former employee dyslexic when they had accidentally switched a few numbers. However, Plaintiff did not have dyslexia.

70.    Rabecca Jenkins told Plaintiff that Lilly was finding a reason to terminate the Plaintiff when she was on medical leave from October 6, 2022, to October 22, 2022. In Plaintiff's absence, Lilly also told the team that Plaintiff would not be returning to work for whatever reason.

71.    Plaintiff is informed and believes and thereon alleges that a reasonable person in Plaintiff's circumstances would have considered the work environment hostile or abusive. Plaintiff considered the work environment to be hostile or abusive and unfavorable towards Plaintiff.

72.    Defendants committed the acts herein alleged maliciously and oppressively with the wrongful intention of injuring Plaintiff arising from an improper and evil motive amounting to malice and in conscious disregard of the rights of Plaintiff. Such conduct was also authorized and/or ratified by officers, employees, and agents of CCC STORES.

73.    As a direct and proximate result of Defendants' willful, knowing, and intentional harassment against Plaintiff, Plaintiff has suffered and continues to suffer physical and mental pain, including distress, anxiety, anguish, humiliation, embarrassment, emotional distress, and indignity, all to

1    her damages in an amount to be determined at trial.

2    74.    The aforesaid harassing acts directed towards Plaintiff were carried out by managerial

3    employees, officers, and directors and were committed, directed, and/or ratified by CCC STORES with

4    a conscious disregard for Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as

5    to constitute oppression, fraud or malice pursuant to California Civil Code section 3294, thereby entitling

6    Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants,

7    in order to deter such conduct in the future, and set an example for others.

8    75.    As a further proximate cause of Defendants' unlawful conduct, Plaintiff has been

9    compelled to retain legal counsel and is entitled to reasonable attorney's fees and costs of suit, pursuant

10   to Government Code section 12965, subdivision (b).

11
12   **FIFTH CAUSE OF ACTION**
13   **(Wrongful Termination in Violation of Public Policy)**
     **(Against All Defendants)**

14   76.    Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–24 with the

15   same force and effect as though fully set forth herein.

16   77.    Plaintiff is informed and believes and thereon alleges that she was terminated from

17   employment for reasons that violate a public policy.

18   78.    Plaintiff was an employee of CCC STORES and worked as a Customer Service

19   Representative.    During Plaintiff's employment with CCC STORES, she performed her job in a

20   competent, capable, and satisfactory manner.

21   79.    Plaintiff informed the Defendants about her disability, recommended work restrictions,

22   and requested reasonable accommodation.  Defendants did not engage in good faith interactive process,

23   and instead of accommodating Plaintiff's disability or perceived disability, they terminated Plaintiff on

24   November 18, 2022.

80.     Plaintiff repeatedly requested her termination letter from CCC STORES, but it was never provided. Also, the wages for the days of medical leave from October 6, 2022, to October 22, 2022, were not paid to Plaintiff.

81.     Rebecca Jenkins told Plaintiff that Lilly was finding a reason to terminate the Plaintiff when she was on medical leave from October 6, 2022, to October 22, 2022. In Plaintiff's absence, Lilly also told the team that Plaintiff would not be returning to work for whatever reason.

82.     As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has suffered and continues to suffer economic damages, including but not limited to lost wages, benefits, salary increases, and income, both past and future, in an amount to be determined at trial.

83.     As a further direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer mental pain, including distress, anxiety, anguish, humiliation, embarrassment, emotional distress, and indignity, all to her damages in an amount to be determined at trial.

84.     The aforesaid acts directed towards Plaintiff were carried out by managerial employees, officers, and directors and were committed, directed, and/or ratified by CCC STORES with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code section 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants, in order to deter such conduct in the future, and set an example for others.

85.     As a further proximate cause of Defendants' unlawful conduct, Plaintiff has been compelled to retain legal counsel and is entitled to reasonable attorney's fees and costs of suit, pursuant to Government Code section 12965, subdivision (b).

///

### SIXTH CAUSE OF ACTION
**(Failure to Take All Reasonable and Necessary Steps to Prevent and Correct Discrimination and Harassment, in violation of Gov. Code § 12940, *et seq*.)**
**(Against all Defendants)**

86.     Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–24 with the same force and effect as though fully set forth herein.

87.     Plaintiff is informed and believes, and thereon alleges that Defendants knew or reasonably should have known that FEHA prohibits Defendants from discriminating against Plaintiff because of Plaintiff's physical disability. (Gov. Code § 12940(a).)

88.     Government Code section 12940, subdivisions (a) and (k) were in full force and effect and were binding on Defendant.  These subsections required CCC STORES to take all reasonable steps necessary to prevent acts of discrimination towards Plaintiff and to take immediate steps to correct such conduct when it occurred.

89.     As alleged above, CCC STORES violated these subsections by failing to take reasonable steps necessary to prevent discrimination against Plaintiff and was unable to take appropriate steps to investigate and correct the conduct once it occurred.

90.     As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has suffered and continues to suffer economic damages, including but not limited to lost wages, benefits, salary increases, and income, both past and future, in an amount to be determined at trial.

91.     As a further direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer mental pain, including distress, anxiety, anguish, humiliation, embarrassment, emotional distress, and indignity, all to her damages in an amount to be determined at trial.

92.     The aforesaid acts directed towards Plaintiff were carried out by managerial employees, officers, and directors and were committed, directed, and/or ratified by CCC STORES with a conscious

1  disregard for Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute

2  oppression, fraud or malice pursuant to California Civil Code section 3294, thereby entitling Plaintiff to

3  punitive damages in an amount appropriate to punish and set an example of said Defendants, in order to

4  deter such conduct in the future, and set an example for others.

5        93.    As a further proximate cause of Defendants' unlawful conduct, Plaintiff has been

6  compelled to retain legal counsel and is entitled to reasonable attorney's fees and costs of suit, pursuant

7  to Government Code section 12965, subdivision (b).

8
9
10

**SEVENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(Against All Defendants)**

11        94.    Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–24 with the

12  same force and effect as though fully set forth herein.

13        95.    Behavior may be considered outrageous if Defendants (1) abuse a relation or position

14  which gives them the power to damage Plaintiff's interest; (2) acts intentionally or unreasonably with the

15  recognition that the acts are likely to result in illness through mental distress.

16        96.    Defendants' above-described discriminatory acts against Plaintiff constituted severe and

17  outrageous misconduct and caused Plaintiff extreme emotional distress.

18        97.    Plaintiff is entitled to recover for the intentional infliction of emotional distress where "(1)

19  extreme and outrageous conduct by Defendants to cause, or reckless disregard of the probability of

20  causing emotional distress; (2) the Plaintiff suffering severe or extreme emotional distress; and (3) actual

21  and proximate causation of the emotional distress by the Defendant's outrageous conduct."

22        98.    California Courts have long held that FEHA violations, like those at issue here, are

23  extreme and outrageous.

24        99.    As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has

1    suffered and continues to suffer mental pain, including distress, anxiety, anguish, humiliation,

2    embarrassment, emotional distress, and indignity, all to her damages in an amount to be determined at

3    trial.

4          100.    Plaintiff is informed and believes, and thereon alleges that she will continue to experience

5    said pain and emotional suffering for a period in the future for which she cannot presently ascertain, all

6    in an amount to be determined at trial.

**DEMAND FOR JURY TRIAL**

7          101.    Plaintiff hereby demands a trial by jury in this action.

**PRAYER FOR RELIEF**

8          WHEREFORE, Plaintiff JAZMYN FINISTER respectfully prays for relief against Defendants as

9

10   follows:

11         (i)    For an award of compensatory damages in an amount to be determined at trial;

12         (ii)    For an award of punitive and exemplary damages on each cause of action as permitted by

13                  Civil Code Section 3294;

14         (iii)    For an award of reasonable attorney's fees, costs, and expenses, pursuant to the

15                  Government Code section 12965, subdivision (b), and any other applicable provisions

16                  providing for attorney's fees and costs;

17         (iv)    For declaratory relief, including entry of a judgment declaring that the acts and practices

18                  of Defendants as set forth herein violate the foregoing provisions of law;

19         (v)    For pre-judgment and post-judgment interests, at the legal rate; and

20         (vi)    For such other and further relief as the Court may deem just and proper.

21   ///

22   ///

1   April 24, 2023                                    Respectfully submitted,

2                                                     **LAW OFFICES OF JEROME A. CLAY**

3                                                     JEROME A. CLAY, JR., ESQ.
4
5                                                     *Attorney for Plaintiff*
6                                                     JAZMYN FINISTER

Complaint

**Exhibit "A"**
(Right-to-Sue Letter)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

January 30, 2023

Jerome Clay
5250 Claremont Avenue, Suite 221
Stockton, CA 95207

RE:  **Notice to Complainant's Attorney**
CRD Matter Number: 202301-19532930
Right to Sue: Finister / California Check Cashing Stores

Dear Jerome Clay:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

January 30, 2023

RE:    **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202301-19532930
Right to Sue: Finister / California Check Cashing Stores

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD)) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

January 30, 2023

Jazmyn Finister
4340 Rilea Way
Oakland, CA 94605

RE:     **Notice of Case Closure and Right to Sue**
        CRD Matter Number: 202301-19532930
        Right to Sue: Finister / California Check Cashing Stores

Dear Jazmyn Finister:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective January 30, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jazmyn Finister                                             CRD No. 202301-19532930

Complainant,

vs.

California Check Cashing Stores
5101 Telegraph Ave.
Oakland, CA 94609

Respondents
_____

**1.** Respondent **California Check Cashing Stores** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Jazmyn Finister**, resides in the City of **Oakland,** State of **CA.**

**3**. Complainant alleges that on or about **November 18, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric).

**Complainant was discriminated against** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated.

**Additional Complaint Details:** In June 2022, the Complainant, Jazmyn Finister ("Complainant"), started working at California Check Cashing Stores located at 5101 Telegraph Ave, Oakland, CA, 94609 ("CCC Stores") as Customer Service Representative. Her job responsibilities include handling cash and customer service.  Complainant worked for 9 (nine) or more hours a day and earned $18 per hour.

-1-

Date Filed: January 30, 2023

CRD-ENF 80 RS (Revised 12/22)

During Complainant's employment, she faced discrimination because she was told multiple times by her area manager Lilly that the team was supposed to be replaced.

On October 6, 2022, Complainant slipped and fell on the floor during work. After that Complainant was injured and had a lot of back pain. Complainant then called Lilly and was told that she couldn't leave until another worker came in. Another worker was supposed to arrive in one and a half hours, but Complainant's back pain was worsening, making her job even more difficult. She waited until the worker arrived.

Thereafter, Complainant called the old District Manager, Bill Yaeger, who advised her to leave for the emergency room (ER) immediately. Complainant went to ER, where she was advised to stay at home until October 10, 2022. She was also advised to avoid bending and heavy lifting.

On October 10, 2022, when the Complainant's pain would not get better, she went to her primary care provider, West Oakland Health Clinic, where she was advised not to return to her normal routine until October 22, 2022.

When Complainant returned to her normal routine, the store manager, Rebecca Jenkins, told her that Lilly was finding a reason to terminate the Complainant when she was on medical leave. In Complainant's absence, Lilly also told her team that Complainant would not be returning to work for whatever reason.

Complainant was also harassed by her managers at CCC Stores as they made derogatory remarks that Complainant had dyslexia. However, Complainant did not have dyslexia.

On November 18, 2022, Complainant was terminated from her employment. Complainant repeatedly requested her termination letter from CCC Stores, but it was never provided. Also, the wages for the days of medical leave from October 6, 2022, to October 22, 2022, were not paid to the Complainant. Complainant is currently unemployed and looking for a new job.

There is more.

-2-
*Complaint – CRD No. 202301-19532930*

Date Filed: January 30, 2023

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Jerome A. Clay**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On January 30, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Stockton, California**

-3-
*Complaint – CRD No. 202301-19532930*

Date Filed: January 30, 2023